**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:17-CV-248-DCK**

| | |
|---|---|
| SHERRY G. HURT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 8) and "Commissioner's Motion for Summary Judgment" (Document No. 13). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and these motions are ripe for disposition. After careful consideration of the written arguments, the administrative record, applicable authority, and oral arguments, the undersigned will direct that Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 8) be <u>denied</u>; that "Commissioner's Motion for Summary Judgment" (Document No. 13) be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. BACKGROUND

Plaintiff Sherry G. Hurt ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On March 13, 2012, Plaintiff filed applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405, <u>and</u> for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383, alleging an inability to work due to a disabling condition beginning November 23, 2005. (Transcript of the Record of

Proceedings ("Tr.") 15). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's applications initially on February 18, 2013, and again after reconsideration on August 29, 2013. (Tr. 144, 148, 154, 158). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. We realize that your condition keeps you from doing some types of work, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 158); see also (Tr. 154).

Plaintiff filed a timely written request for a hearing on October 2, 2013. (Tr. 15, 163). On May 22, 2015, Plaintiff appeared and testified at a hearing before Administrative Law Judge Kevin Foley (the "ALJ"). (Tr. 15, 41-64). In addition, Lavonne Brent, a vocational expert ("VE"), and David Lund, Plaintiff's attorney, appeared at the hearing. Id.

The ALJ issued an unfavorable decision on August 28, 2015, denying Plaintiff's claim. (Tr. 15-33). On October 16, 2015, Plaintiff filed a request for review of the ALJ's decision, which was granted by the Appeals Council on May 5, 2017. (Tr. 240, 242). Upon review of the ALJ's decision, the Appeals Council issued a partially favorable decision on July 5, 2017. (Tr. 5-9).

Plaintiff's "Complaint" seeking a reversal of the ALJ's and the Appeals Council's determinations was filed in this Court on September 8, 2017. (Document No. 1). On December 12, 2017, the parties consented to Magistrate Judge jurisdiction in this matter. (Document No. 7).

Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 8) and Plaintiff's "Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 9) were filed January 16, 2018; and the

"Commissioner's Motion for Summary Judgment" (Document No. 13) and "Memorandum of Law in Support of the Commissioner's Motion for Summary Judgment" (Document No. 14) were filed April 13, 2018. Plaintiff declined to file a reply brief, and the time to do so has lapsed. See Local Rule 7.2 (e).

On May 3, 2018, the undersigned scheduled this matter for a hearing on June 7, 2018, and directed the parties to make a good faith attempt to resolve or narrow the issues. (Document No. 15). The parties filed a "Joint Notice" (Document No. 16) on May 22, 2018, reporting that their attempt to resolve or narrow the issues had failed.

The undersigned held a hearing in this matter on June 7, 2018, allowing the parties one more opportunity to present their arguments. Based on the foregoing, the pending motions are now ripe for review and disposition.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to reweigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as

a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability," as that term of art is defined for Social Security purposes, at any time between November, 23, 2005, and the date of the ALJ's decision.[1] (Tr. 15). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

    (1)    whether claimant is engaged in substantial gainful activity - if yes, not disabled;

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

4

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i)-(v).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 33).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since November 23, 2005, her alleged disability onset date. (Tr. 17). At the second step, the ALJ found that Plaintiff's (1) status post depressed skull fracture and traumatic brain injury and (2) affective disorder were severe impairments.[2] (Tr. 18). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 22).

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

5

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform medium work activity, with the following limitations:

> she must avoid concentrated exposure to noise caused by loud machinery or large groups of people; she is restricted from exposure to dangerous machinery and unprotected hazards; she is further limited to jobs performing the simple, routine tasks of unskilled work requiring only one-, two-, or three-step instructions, in settings with no high production demands or intensive interpersonal interactions.

(Tr. 25). In making his finding, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." Id.

At the fourth step, the ALJ held that Plaintiff could not perform her past relevant work as a furniture sander. (Tr. 31). At the fifth and final step, the ALJ concluded based on the testimony of the VE and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 32). Specifically, the VE testified that according to the factors given by the ALJ, occupations claimant could perform included a hand packager, a garment checker, and an inspector. (Tr. 32). Therefore, the ALJ concluded that Plaintiff was not under a disability, as defined by the Social Security Act, at any time between November 23, 2005, and the date of the ALJ's decision, August 28, 2015. (Tr. 33).

Upon review of the ALJ's decision, the Appeals Council largely adopted the ALJ's findings and conclusions but held, based on additional evidence, that beginning March 1, 2013, Plaintiff was disabled. (Tr. 5). In making this finding, the Appeals Council relied heavily on a memorandum written by clinical psychologist Dr. Alvin Smith, PhD. (Tr. 5-6) (citing Tr. 957-

59). Dr. Smith's memorandum, prepared in response to a request from the Appeals Council, concluded that from an onset date of March 1, 2013, Plaintiff's mental fatigue, memory lapses, and paranoia significantly eroded her ability to carry out simple tasks over the course of a work week. (Tr. 958). Because of Dr. Smith's expertise, Dr. Smith's opportunity to review the entire medical record in preparing the memorandum, and the memorandum's consistency with the medical record, the Appeals Council gave Dr. Smith's memorandum great weight and used it to conclude that Plaintiff became "disabled" on March 1, 2013. (Tr. 5-6).

Plaintiff on appeal to this Court makes the following assignments of error: (1) that the Appeals Council erred in finding that Plaintiff was not disabled until March 1, 2013; and (2) that the ALJ erred in finding that Plaintiff had an RFC to perform a reduced range of medium work. (Document No. 9, pp. 7-14). The undersigned will discuss each of these contentions in turn.

**A.    The Appeals Council's Disability Finding**

In her first assignment of error, Plaintiff argues that the Appeals Council erred in finding that Plaintiff became disabled on March 1, 2013. (Document No. 9, pp. 8-9). Essentially, Plaintiff criticizes Dr. Smith's selection of the March 1, 2013, disability onset date as "seemingly random" and faults the Appeals Council for accepting this selection "at face value." (Document No. 9, p. 8-9). In Plaintiff's view, the Appeals Council's failure to explain its reasoning for adopting Dr. Smith's arbitrarily selected disability onset date makes the Appeals Council's finding of a March 1, 2013, disability onset date erroneous. (Document No. 9, p. 8-9).

In response, Defendant argues that the Appeals Council's finding of a March 1, 2013, disability onset date is supported by substantial evidence. (Document No. 14, p. 3). First, Defendant rebuts the assertion that the Appeals Council accepted Dr. Smith's onset date at face value. (Document No. 14, p. 4). Defendant contends that rather than uncritically adopting Dr.

Smith's opinion, the Appeals Council properly considered the opinion under the applicable regulatory standards—giving it great weight because of Dr. Smith's expertise, because Dr. Smith had the opportunity to review the entire record, and because the record is consistent with the opinion. (Document No. 14, p. 4) (citing Tr. 6); see also 20 C.F.R. §§ 404.1527(c), 416.927(c). Second, Plaintiff rebuts the assertion that Dr. Smith selected the March 1, 2013, onset date without explanation. (Document No. 14, p. 5). Defendant contends that Dr. Smith provided his rationale for selecting March 1, 2013, when he stated, in his memorandum, that the date reflected how Plaintiff's brain damage and normal aging combined over time to reduce her capacity to work. (Document No. 14, p. 5) (citing Tr. 958).

The undersigned agrees with Defendant that the Appeals Council's finding that Plaintiff became disabled on March 1, 2013, is supported by substantial evidence. The Appeals Council did not—as Plaintiff asserts—accept Dr. Smith's opinion at face value. (Document No. 9, p. 9). Rather, the Appeals Council gave the opinion great weight because of Dr. Smith's expertise, because Dr. Smith had the opportunity to review the entire record, and because the record is consistent with the opinion. (Tr. 6); see also 20 C.F.R. §§ 404.1527(c), 416.927(c). Further, Dr. Smith's selection of March 1, 2013, as the disability onset date is not as random as Plaintiff characterizes it. (Document No. 9, p. 8). In his memorandum, Dr. Smith explains that he arrived at this date through careful consideration of the total evidence in the record. (Tr. 958). Because the undersigned finds that the Appeals Council's finding of a March 13, 2013, disability onset date is supported by substantial evidence, this Court must uphold the finding. Bird v. Comm'r of Soc. Sec. Admin, 699 F.3d 337, 340 (4th Cir. 2012).

**B.     The ALJ's RFC Finding**

In the second assignment of error, Plaintiff argues that the ALJ erred in finding an RFC to perform a reduced range of medium work. (Document No. 9, pp. 9-14). In support of this argument, Plaintiff essentially makes four assertions. First, Plaintiff asserts that her testimony—which is "strongly supported" by the record—establishes that the residual effects of her accident render her unable to work. (Document No. 9, pp. 9-12). Second, Plaintiff asserts that the ALJ's analysis of Plaintiff's symptoms relied heavily on a flawed characterization of "[Plaintiff's] experience with vocational rehabilitation," and thus the ALJ's "assertion that [Plaintiff's] statements concerning the intensity, persistence, and limiting effects of [her] symptoms are not entirely credible is not supported by substantial evidence." (Document No. 9, pp. 12, 13) (internal quotation marks omitted). Third, Plaintiff asserts that if the ALJ had found an RFC to perform sedentary work, the Medical-Vocational Guidelines would have directed a finding of disabled—facts that, in Plaintiff's view, "call into question" the ALJ's finding of an RFC to perform a reduced range of medium work. (Document No. 9, p. 13) (citing 20 C.F.R. Pt. 404, Subpt. P. App. 2). Fourth, Plaintiff asserts that the ALJ erroneously "equated" Plaintiff's ability to engage in her daily activities with an ability to work full time. (Document No. 9, p. 14).

Defendant counters each of Plaintiff's assertions and argues that the ALJ's RFC finding is supported by substantial evidence. (Document No. 14, pp. 6-10). In response to Plaintiff's first assertion, Defendant contends that Plaintiff essentially asks the Court to reweigh conflicting evidence and conclude that Plaintiff is disabled. (Document No. 14, p. 7). In response to Plaintiff's second assertion, Defendant contends that the ALJ did not, as Plaintiff claims, mischaracterize Plaintiff's experience with vocational rehabilitation. (Document No. 14, p. 7). In response to Plaintiff's third assertion, Defendant contends: (1) that Plaintiff once again asks the Court to reweigh conflicting evidence and; (2) that Plaintiff suggests the Court should look to the outcome

of the fifth step in the disability evaluation to help determine whether the ALJ erred in the RFC evaluation. (Document No. 14, pp. 8-9). In response to Plaintiff's fourth assertion, Defendant contends that the ALJ properly considered evidence of Plaintiff's daily activities in assessing the credibility of Plaintiff's statements concerning her subjective symptoms—instead of equating the evidence of Plaintiff's daily activities with an ability to work full-time, as Plaintiff claims that the ALJ did. (Document 14, pp. 9-10); see also 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i).

The undersigned agrees with Defendant that the RFC is supported by substantial evidence. Plaintiff first asserts that her testimony and record establish she is unable to perform any work, but in reviewing the RFC determination, this Court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996).

Plaintiff next disputes the ALJ's characterization of her experience with vocational rehabilitation. (Document No. 9, pp. 12-13). In doing so, Plaintiff seeks to undermine the ALJ's determination that her statements concerning her symptoms were not entirely credible; but again, this Court does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [ALJ]." Craig, 76 F.3d at 589.

Plaintiff then seems to suggest that the RFC finding is less valid because if the ALJ had found that Plaintiff only could perform sedentary work, Plaintiff would have been found disabled at the final step of the disability analysis. (Document No. 9, p. 13). The undersigned is unsure how this counterfactual demonstrates that the ALJ erred in finding an RFC to perform a reduced range of medium work, but in any event, an ALJ assesses RFC before performing the fifth and final step of the disability analysis. See 20 C.F.R. § 404.1520(a)(4).

Finally, Plaintiff asserts that the ALJ equated Plaintiff's ability to perform daily activities with an ability to work full time, but the undersigned agrees with Defendant that the ALJ properly considered evidence of Plaintiff's daily activities as a factor in assessing the credibility of Plaintiff's statements concerning her symptoms. (Document 14, pp. 9-10); see also 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i). Because the undersigned finds that the ALJ's RFC finding is supported by substantial evidence, this Court must uphold the finding. Bird v. Comm'r of Soc. Sec. Admin, 699 F.3d 337, 340 (4th Cir. 2012).

## IV. CONCLUSION

The Court sincerely appreciates the hearing preparation and oral advocacy of counsel for both parties. The arguments on June 7, 2018, helped narrow the issues and assisted the undersigned's determination. After reviewing the parties' papers and considering the oral arguments at the motions hearing, the undersigned is persuaded that the Commissioner's decision should be affirmed.

In short, the undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will direct that the Commissioner's decision be affirmed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's "Motion for Judgment on the Pleadings Rule 12(c), F.R.Civ.P." (Document No. 8) is **DENIED**; the "Commissioner's Motion for Summary Judgment" (Document No. 13) is **GRANTED**; and the Commissioner's determination is **AFFIRMED.**

**SO ORDERED**.

Signed: June 11, 2018

David C. Keesler
United States Magistrate Judge